Dear Mayor Lagneaux:
We are in receipt of your recent inquiry to this office, in which you raise the following questions:
 (1) Can the chief of police give a promotion to a police officer without the mayor and board of aldermen's approval?
 (2) If the chief of police refuses to take corrective action against a police officer, may the mayor and board of aldermen institute such action?
The Town of Duson is a Lawrason Act municipality, governed by the provisions of R.S. 33:361, et seq. The town has an elected chief of police, whose duties are delineated in R.S. 33:423 as follows:
§ 423. Duties of marshal
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
 B. The provisions of Subsection A of this Section shall not be construed to limit or restrict the provisions of R.S. 33:423.3.
The statute specifically states an elected chief of police "shall make recommendations to the mayor and board of aldermen . . . for the promotion of officers." Thus, in response to your first question, the chief of police is without authority to unilaterally promote a police officer. The mayor and board of aldermen are the final authority regarding promotion of police officers.
In response to your second question, concerning disciplinary action against police personnel, R.S. 33:423 again provides guidance, and mandates that the chief of police "shall make recommendations to the mayor and board of aldermen . . . . to effect disciplinary action, and for dismissal of police personnel." However, a chief of police's approval of a municipality's disciplinary action or termination of a police officer is not required by R.S. 33:423. This very issue was recently addressed by the Louisiana Supreme Court in Grant vs.Grace, 2004 WL 787233 (La. April 14, 2004). Interpreting R.S.33:423, the court stated:
 Plainly, under La.Rev.Stat. 33:423, it is mandatory that the chief of police make a recommendation to the mayor or board of aldermen for the "appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel." The word recommendation "refers to an action which is advisory in nature rather than one having any binding effect." BLACK'S LAW DICTIONARY 626 (5TH ED. 1979).
 The court of appeal's determination that the council exceeded its authority when it "ignored the recommendation of the chief of police unilaterally terminated Grant" was incorrect. We reiterate, a "recommendation" is merely advice which need not be followed. Inherent in the advisory position of any advocate is the option of the receiving party to comply with or reject the recommendation. Furthermore, we note that the recommendation requirement of La.Rev.Stat. 33:423 is a duty of the police chief and, therefore, is burdened upon the police chief, not upon the municipality. Louisiana Rev. Stat. 33:423 [in] no way mandates that the municipality adopt, in whole or in part, the recommendation of the chief of police. (Emphasis added).
While the chief must give his recommendation with respect to both employment actions presented, the municipality need not adopt such recommendation. The municipality may take its own action, as indicted by recent state supreme court ruling. Finally, the legislature has exempted certain cities, villages, and towns from the recommendation procedure provided by R.S. 33:423; (see R.S.33:423.2 through 33:423.23); however, the Town of Duson is not among them.
Very truly yours,
CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY: ________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams